**E-Filed 4/11/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC.; STMICROELECTRONICS N.V., <br><br> Plaintiffs, <br> v. <br> AVAGO TECHNOLOGIES U.S., INC.; AVAGO TECHNOLOGIES LIMITED; AVAGO TECHNOLOGIES ECBU IP (SINGAPORE) PTE. LTD.; AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Defendants. | Case No. 5:10-cv-05023-JF (PSG) <br><br> **ORDER[1] GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS** <br><br> [Re: Docket No. 48] |

Pursuant to Civ. L.R. 7-11, Defendants Avago Technologies U.S., Inc., Avago Technologies Limited, Avago Technologies ECBU IP (Singapore) Pte. Ltd., and Avago Technologies General IP (Singapore) Pte. Ltd. (collectively "Avago") move to stay the instant proceedings pending the resolution of related patent litigation in the United States District Court for the Eastern District of Texas. Plaintiffs STMicroelectronics, Inc. and STMicroelectronics N.V. (collectively "STMicro") oppose the motion. For the reasons set forth below, the motion will be granted.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

STMicro and Avago are direct competitors in the optical navigation sensor industry.[2] According to STMicro, Avago has engaged in anti-competitive acts to ensure its dominance over the following markets: (1) the market for optical navigation sensors, including mice and optical finger navigation ("OFN") applications, (the "ONS Market"); (2) the market for optical navigation sensors used in optical mice, excluding OFN (the "OMS Market"); (3) the market for optical navigation sensors suitable for use in OFN modules for mobile phones and other smaller electronic devices (the "OFN Market"); and (4) the market consisting of the technology or collection of technologies claimed in those patents that are necessary for the design, manufacture, and use of optical mice or OFN sensors or related devices. Compl. ¶ 115.

To facilitate the claimed monopoly, Avago allegedly has participated in anti-competitive agreements, interfered with competitor sales, and pursued an aggressive legal strategy against competitors, replete with threats of legal action and baseless claims. *Id.* ¶¶ 50-114, 129-167. Additionally, in an alleged effort to shut out competition in OFN applications, Avago acquired U.S. Patent No. 6,172,354 (the "'354 patent") from Microsoft in 2007. *Id.* ¶ 60. STMicro claims that as construed by Avago, the '354 patent consolidates the core technology underlying all optical navigation sensors used in optical mice and OFN applications. *Id.* On March 15, 2010, Avago filed a patent infringement suit against STMicro in the Eastern District of Texas (the "Texas Action"), alleging that STMicro has infringed several patents, including the '354 patent. *Id.* ¶¶ 84-93. Because STMicro's claims in this Court hinge in part on Avago's alleged pursuit of baseless litigation, Avago argues that the instant proceedings should be stayed pending the resolution of the Texas Action.

---

[2] An optical navigation sensor receives and converts light signals into electronic images to track movement. Compl. ¶ 27. Sensors may be sold as a stand alone product or packaged in a housing unit. *Id.* They typically are sold to component providers who incorporate the sensors into a housing unit and sell the resulting module to the ultimate manufacturer *e.g.*, a mouse manufacturer. *Id.*

## II. LEGAL STANDARD

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.,* 299 U.S. 248, 254-55, (1936). In an exercise of that discretion, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005), citing *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997). "'If there is even a fair possibility that the stay ... will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity'" in being required to go forward. *Lockyer,* 398 F.3d at 1112, quoting *Landis,* 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Id.* at 1109-10, quoting *Landis,* 299 U.S. at 255.

## III. DISCUSSION

STMicro argues in opposing a stay that Avago's alleged retaliatory litigation tactics represent only one aspect of Avago's anti-competitive behavior, and it points out that the Texas Action is only one of fifteen allegedly meritless actions that Avago has pursued. However, this argument minimizes the significance STMicro itself has attached to Avago's infringement litigation. Throughout its complaint and its opposition to Avago's motion to dismiss, STMicro asserts that Avago's litigation strategy is "a part of a monopoly scheme." Opp. Br. at 12; *See, e.g.,* Compl. ¶ 62 ("Avago is using litigation and threats of litigation as an anti-competitive tool and is engaging in vexatious and repetitive litigation pursuant to a policy and scheme of instituting litigation without regard to the merits and for the purpose of injuring and preventing

3

competition.").

Alternatively, and relying upon Ninth Circuit precedent, STMicro argues that the outcome of the Texas Action has no bearing on the merits of STMicro's antitrust claim because this Court still must determine whether Avago's infringement claims were baseless at the time they were filed. *See Amarel v. Connell*, 102 F.3d 1494, 1519 (9th Cir. 1996) ("As we explained in *USS-POSCO Industries*, '[t]he question is not whether any one of [the legal proceedings] has merit ... but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival.'" (citing *USS-POSCO Industries v. Contra Costa County Bldg. and Constr. Trades Council*, 31 F.3d 800, 811 (9th Cir.1994)).

This argument also is unpersuasive. Because a patent owner has the right to enforce its patents, the infringement claims asserted by Avago in the Texas Action are not inherently baseless, and in determining whether particular litigation is a sham, courts often look to settlements and rulings on dispositive motions as evidence of the merits of the case. *See, e.g., Theme Promotions, Inc. v. News America Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008) ("The fact that this ongoing litigation settled suggests that the original suit was not objectively baseless."). STMicro itself underscores the importance of such information, alleging in its complaint that "with over 15 case filings, settlements or threats of litigation [Avago has not achieved] a single successful decision on the merits . . ." Compl. ¶ 62.

STMicro also contends that the outcome of the Texas Action will have no bearing on its claim that Avago unlawfully acquired the '354 patent, because that claim is irrelevant to Avago's allegations of infringement. However, while STMicro asserts that Avago acquired the '354 patent illegally from Microsoft, it provides no detail as to how the acquisition was unlawful. *See* Compl. ¶¶ 59-61. It implies that Avago has interpreted the patent broadly so as to exclude much, if not all, of the competition in the optical navigation sensor industry. *Id.* However, patents by their very nature permit holders to exclude others from using the covered technology. As the Federal Circuit has explained, "the right to exclude every one from making,

4

using, or vending the thing patented . . . is all that [the patentee] obtains by the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1335 (Fed. Cir. 2008).  The question of whether Avago's interpretation of the '354 patent is overly broad is squarely presented in the Texas Action.

STMicro also contends that its claims could not be brought as counterclaims in infringement litigation, and it argues that a stay would be appropriate only if resolution of the infringement action would preclude the need to address the antitrust claims.  However, as discussed above, STMicro's antitrust theory hinges in large part upon the allegation that Avago has engaged in a scheme to exclude competitors through the pursuit of vexatious, sham litigation.  The Texas Action plainly will shed light on this issue.  To the extent that it believes that a stay would cause it to suffer prejudice in the marketplace, STMicro may seek to transfer its antitrust claims to the Eastern District of Texas so that the claims may be related and overlapping issues may be addressed simultaneously.[3]

## IV. ORDER

Good cause therefor appearing, the motion is GRANTED.  This matter is stayed until such time as Case No.6-10-cv-00092-LED in the Eastern District of Texas is resolved, or until further order of the Court.[4]

**IT IS SO ORDERED.**

DATED: April 11, 2011

_____
JEREMY FOGEL
United States District Judge

---

[3] STMicro also argues that the instant motion is premature because the Court has yet to rule on Avago's motion to dismiss.  STMicro claims that it should be permitted to cure any perceived deficiency in its pleadings before the Court decides whether a stay is appropriate.  However, the issues presented by the motion to dismiss generally concern the particularity of STMicro's factual allegations and do not affect the foregoing analysis.

[4] All pending motions are administratively terminated without prejudice.

Case No. 5:10-cv-05023 JF (PSG)
ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS
(JFLC1)